UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRETT STUART WHITEHEAD, ET AL., Plaintiffs | CIVIL ACTION NO. 1:16-CV-00176 |
| VERSUS | CHIEF JUDGE DRELL |
| INTERNATIONAL PAPER COMPANY AND HUNTER WHITELEY | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Improperly Joined Defendant (Doc. 11) filed by Defendants International Paper Company ("IP") and Hunter Whiteley ("Whiteley"). Defendants seek Whiteley's dismissal, and maintain Plaintiffs have not asserted a viable claim for personal liability against Whiteley in this wrongful death and survival action. After being given an opportunity for discovery, Plaintiffs did not oppose the Motion.

I. **Background**

  A. **Factual History**

Phillip Whitehead ("Whitehead") – an employee of non-party Turner Industries, Inc. – was killed in an industrial accident at IP's Red River Mill (the "Mill") in Campti, Louisiana. Whitehead was repairing a leak in a firewater line at the Mill when he fell through grating on a catwalk more than 11 feet. Plaintiffs are Whitehead's surviving children.

Whiteley was the Plant Manager of the Mill at the time of Whitehead's accident. In a sworn Declaration, Whiteley maintains that, although he had general administrative responsibilities at the Mill, he was neither present when Whitehead's accident occurred, nor had any knowledge or responsibility regarding the work Whitehead was performing or any condition which may have given rise to the accident.

    B.    <u>Procedural History</u>

Plaintiffs filed this lawsuit in the Tenth Judicial District Court in Natchitoches Parish, Louisiana. Plaintiffs name IP and Whiteley as defendants. Plaintiffs seek damages, legal interests, and costs.

Defendants removed on the basis of diversity jurisdiction. (Doc. 1). Although Whiteley is not diverse, Defendants maintain Whiteley was improperly joined, because Plaintiffs have failed to assert a viable executive-officer liability claim against him.

Defendants then moved to dismiss Whiteley from the lawsuit. (Doc. 11). The parties jointly moved to conduct discovery regarding the Motion to Dismiss. (Doc. 22). The discovery period expired on August 29, 2016. That day, the parties filed a Joint Notice of Compliance stating that no further discovery was warranted, and setting Plaintiffs' briefing deadline for September 23, 2016. (Doc. 27, p. 1). However, the deadline has passed, and Plaintiffs never filed an opposition brief.

II.    <u>Law and Analysis</u>

    A.    <u>Defendants bear the burden of establishing improper joinder.</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress.  See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014).  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. See 28 U.S.C. § 1332(a).  The removing party bears the burden of establishing diversity jurisdiction.  See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).  "Any ambiguities are construed against removal and in favor of remand to state court."  Id.

The doctrine of improper joinder is a narrow exception to the complete diversity requirement.  Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011).  The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir.2004) (citing 28 U.S.C. § 1441(b).  "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  Id.

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Cuevas, 648 F.3d at 249 (quoting Smallwood, 385 F.3d at 573).  When, as here, the second method is at issue,

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant,

3

> which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

Cuevas, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added).[1] "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014).

Plaintiffs seek to recover against Whiteley under Louisiana's executive-officer liability doctrine. Pursuant to this doctrine, "a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." Kemp v. CTL Distribution, Inc., 440 Fed.Appx. 240, 244 (5th Cir. 2011). In the doctrine's namesake opinion, Canter v. Koehring Co., the Louisiana Supreme Court set forth four requirements for establishing executive-officer liability: (1) the employer must owe a duty of care, and must breach that duty, causing damages to the third party; (2) the employer must have delegated that duty to the officer personally; (3) the officer must have breached the duty through personal, rather than technical or vicarious, fault; and (4) the officer's liability "may not be premised only upon general administrative responsibilities." See Kemp, 440 Fed.Appx. at 244 (citing Canter, 283 So.2d 716, 721 (La. 1973)).

---

[1] Defendants do not suggest there is actual fraud in the pleadings. Rather, Defendants argue that Plaintiffs cannot recover against Whiteley as a matter of law.

Defendants argue Plaintiffs have failed to establish the second and third elements of Canter liability. As to the second element of Canter liability – delegation of duty to the officer personally – allegations that an officer had general safety responsibilities are not sufficient. See Kemp, 440 Fed.Appx. at 246. Rather, a plaintiff must show that the officer owed a "specific duty" to the third party or that the officer breached some duty that "proximately caused" the third party's injury. Young v. Logue, 94-0585 (La.App. 4 Cir. 5/16/95, 21), 660 So.2d 32, 48, writ denied, 95-2575 (La. 12/15/95), 664 So.2d 443, and writ denied, 95-2585 (La. 12/15/95), 664 So.2d 443, and writ denied, 95-2597 (La. 12/15/95), 664 So.2d 444. Moreover, the officer must have some "'personal contact with and responsibility towards the injured employee.'" See Kemp, 440 Fed.Appx. at 246 (quoting Esco v. Smith, 468 So.2d 1169, 1175 (La. 1985)).

Here, Plaintiffs allege that Whiteley Plaintiffs claim that IP and Whiteley "failed to properly inspect and repair" the catwalk through which Whitehead fell. (Doc. 1-3, p. 2). Further, Plaintiffs claim that Whiteley "was Plant Manager . . . having full charge of the operations and as such had or should have had personal knowledge of the defective conditions of said premises, and owed a personal and corporate duty to decedent to warn decedent of impending danger and take action to prevent said accident, which breach materially continued to Decedent's fall and death." (Doc. 1-3, p. 2).

However, Plaintiffs do not allege that IP delegated any duty to oversee the catwalk, its conditions, or Whitehead's work there, to Whiteley. Courts routinely hold

5

that similar allegations are insufficient to establish Canter liability.  See, e.g., Kemp, 440 Fed.Appx. at 246 ("Plaintiffs have merely alleged that McLelland had general safety responsibilities. They have not alleged facts or identified evidence that create a possibility that McLelland owed a personal duty to Young to ensure that the trailer he worked on was toxin-free."); Carino v. Wal-Mart Louisiana, LLC, CIV.A. 05-1978, 2006 WL 335784, at *3 (W.D. La. Feb. 9, 2006) ("Thomas Nelson's duty to ensure the safety of patrons at Wal-Mart, store No. 543 is nothing more than an administrative responsibility. There is no such theory of recovery under Louisiana law."); Carter v. Wal-Mart Stores Inc., CIV.A. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005) ("[T]here are no allegations here that Williams actively contributed in any way to the allegedly defective condition of the shelf. . . . This is a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'") (quoting Canter, 283 So.2d at 721).

Further, Defendants submit a sworn declaration signed by Whiteley.  (Doc. 1-2).  In the Declaration, Whiteley states that he had general administrative responsibilities at the IP Mill, which included "overseeing and managing the overall operations."  (Id., p. 2).  Whiteley did not "personally perform maintenance, repairs, or safety inspections, or issue specific safety warnings."  (Id., p. 2).  Moreover, IP delegated safety issues "to other personnel and sometimes independent contractors," who were "supervised by other employees of [IP] and/or the independent contractors."  (Id.).  Accordingly, Defendants have offered uncontroverted evidence that Whiteley

6

had not been delegated any personal responsibility which may have affected Whitehead's accident.

As to the third element of <u>Canter</u> liability – personal (as opposed to technical or vicarious) fault causing injury – Plaintiffs' allegations are again inadequate and contradicted. Plaintiffs claim that IP and Whiteley "failed to properly inspect and repair" the catwalk, and otherwise failed to warn Whiteley of, or prevent, the accident. However, Plaintiffs fail to identify any specific failure on Whiteley's part which caused the accident. Further, in his Declaration, Whiteley states that he was not present on the date of Whitehead's accident, had no personal knowledge of the work being done by Whitehead, and had never been in the area of the Mill where Whitehead's accident occurred. (Doc. 1-2, p. 2).

Again, courts consistently find similar allegations and evidence do not establish personal fault. See, e.g., <u>Gros v. Warren Properties, Inc.</u>, CIV.A. 12-2184, 2012 WL 5906724, at *10 (E.D. La. Nov. 26, 2012) ("Because Plaintiff has not alleged that Bodine actually knew about the allegedly defective condition of the lighting and failed to take steps to repair it or that Bodine was personally involved in creating the allegedly defective condition, it appears that Plaintiff is seeking to impose liability on Bodine for a breach of general administrative duties as a resident apartment manager to supervise, inspect, and test, rather than breach of a personal duty, which <u>Canter</u> prohibits."). Thus, Plaintiffs have not satisfied the third element of <u>Canter</u>.

The balance of Plaintiffs' allegations establish nothing more than Whiteley's general administrative responsibilities at the IP Mill. Without more specific

7

allegations or evidence, Plaintiffs cannot recover against Whiteley under the last three elements of Canter.

III. Conclusion

Whiteley's only connection to Whitehead's accident was his general administrative responsibility at the IP Mill. Under settled Louisiana law, Whiteley may not be held liable on that basis alone. Plaintiffs have failed to allege a viable Canter claim against Whiteley. Accordingly,

IT IS HEREBY RECOMMENDED that the Motion to Dismiss (Doc. 11) filed by Defendants International Paper Company and Hunter Whiteley, be GRANTED, and that Plaintiffs' claims against Defendant Hunter Whiteley be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

8

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 29th day of September, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge